FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jul 20 2021

KEVIN P. WEIMER , Clerk

By: s/Kevin Morris
Deputy Clerk

# United States District Court

### NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Dawuan Na'Jee Williams
a/k/a Kyle Evan Cobb

**CRIMINAL COMPLAINT**

Case Number: 1:21-MJ-0700

**UNDER SEAL**

I, the undersigned complainant depose and state under penalty of perjury the following is true and correct to the best of my knowledge and belief. On or about May 21, 2021 in Clayton County, in the Northern District of Georgia, defendant did, possess a firearm as a prohibited person; make a false and fictitious oral or written statement in connection with the acquisition of a firearm from a licensed dealer of firearms, and furnish and exhibit a false, fictitious, and misrepresented identification, intended or likely to deceive such federally licensed firearms dealer with respect to any fact material to the lawfulness of the sale or other such disposition of such firearm, and did, during and in relation to a violation of Title 18, United States Code, Section 922(a)(6), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, in violation of Title 18, United States Code, Sections 922(g)(1), 922(a)(6), and 1028A(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.    Yes

*Benjamin W. Southall*
Signature of Complainant
Benjamin W. Southall

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it.  Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1

July 20, 2021                                    at   Atlanta, Georgia
Date                                                          City and State

REGINA D  CANNON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Theodore S. Hertzberg
theodore.hertzberg@usdoj.gov

Signature of Judicial Officer

I, Benjamin W. Southall, depose and say under penalty of perjury:

## INTRODUCTION AND AFFIANT'S BACKGROUND

1.  I am a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since 1991.  I am currently assigned to the Atlanta Field Division, Group I, which is involved in various facets of ATF's enforcement programs, including firearms trafficking.  I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy.  Prior to becoming an ATF SA, I was employed by the United States Secret Service Uniformed Division.  I also hold a Bachelor's degree in Criminology from Indiana University of Pennsylvania.

2.  During my tenure as an ATF SA, I have participated in several investigations, and the execution of several search warrants and arrest warrants, where illegally purchased/trafficked firearms, narcotics, electronic scales, packaging materials, books/ledgers indicating sales, receipts, computers, cellular telephones, and other items used to facilitate firearms and narcotics trafficking were seized. I have personally conducted and/or assisted in investigations of criminal acts involving, but not limited to, making false statements to a federally licensed firearms dealer [18 U.S.C. § 922(a)(6)], and I have also conducted multiple investigations into the unlawful possession of firearms by prohibited persons.

3.  During my tenure as an ATF SA, I have debriefed defendants, co-conspirators, and witnesses who have been involved in the unlawful purchase, sale, and distribution of firearms. During these debriefings, numerous defendants have advised that they utilized "straw" purchasers to obtain firearms and ammunition for transfer/sale to prohibited persons or to facilitate other crimes.

4.  A "straw purchase" is the acquisition of firearm(s) from a federally licensed firearms dealer (FFL) via an individual other than the actual purchaser, for the purpose of concealing the identity

of the true intended receiver of the firearm(s). The intended receiver is often a person who is prohibited from purchasing firearms and seeks to obtain the firearms through the "straw purchaser".

5. I have learned through my training and experience that firearms traffickers and "straw purchasers" frequently use cell phones, computers, and other electronic media devices to coordinate the purchase, sale, and/or distribution of firearms.

6. The facts contained in this affidavit come from my personal observations, ATF records/documents, my training and experience, information obtained from other agents and witnesses, and other law enforcement agencies. This affidavit is intended to show that there is sufficient probable cause for the requested criminal complaint authorizing the arrest of Dawuan Na'Jee WILLIAMS a/k/a Kyle Evan Cobb (hereinafter WILLIAMS), for violations of Title 18, United States Code, Section 922(g)(1) [possession of a firearm by a prohibited person], Title 18, United States Code, Section 922(a)(6) [making false statements to a federally licensed firearms dealer], and Title 18, United States Code, Section 1028A [aggravated identity theft], and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

7. On May 29, 2021, Detectives of the Newark Police Division in Newark, New Jersey arrested an individual in possession of a Glock model 17, 9mm semi-automatic pistol bearing serial number BTNC309. The subsequent firearms trace by the ATF's National Tracing Center revealed that the firearm was purchased as part of a five-firearm multiple sale on May 21, 2021 at the Moss Pawn Shop (MPS), a FFL located at 6832 Old Dixie Highway, Jonesboro, Georgia, 30236, in the Northern District of Georgia. The firearms trace revealed the purchase was made by Kyle Evan Cobb, residing at 9379 Highland Ridge, Jonesboro, Georgia, 30236.

8. Based on the eight-day period between the purchase of the firearm in Georgia and the recovery of the firearm in New Jersey, another ATF employee conducted queries of commercial

databases and state driver's license records for COBB. A query of the Georgia driver's license records for COBB returned a current driver's license bearing number 061864592 and listing the address of 9379 Highland Ridge in Jonesboro, Georgia. During their research, the ATF employee identified that a Kyle Cobb with the same date of birth previously resided in the state of Florida. A query of the Florida Driver's License records for COBB returned an expired driver's license bearing number C100505960640, which listed an address of 9379 Highland Ridge in Jonesboro, Georgia. However, the driver's license record contained a notification stating, "Verify ID – Possible Imposter Using This Name/DL." Furthermore, the individual's photograph listed on the Florida driver's license record did not match the individual's photograph listed on the Georgia driver's license record.

9. Additionally, the ATF employee conducted a commercial database query for 9379 Highland Ridge in Jonesboro, Georgia. The ATF employee identified that a Dawuan WILLIAMS previously resided at 9379 Highland Ridge and previously resided in Florida. The ATF employee conducted queries of the Georgia and Florida driver's license records for WILLIAMS. The query of the Florida driver's license records for WILLIAMS revealed that WILLIAMS possessed a valid Florida driver's license bearing number W452174821870 with an address listed as 416 Montgomery Place in Jonesboro, Georgia. The photograph on WILLIAMS' Florida driver's license bore a nearly identical resemblance to the Georgia driver's license photograph for COBB.

10. The ATF employee conducted a computerized criminal history check of WILLIAMS and identified that WILLIAMS had been convicted in Florida and New Jersey of numerous crimes punishable by imprisonment for a term exceeding one year, including but not limited to Burglary, Robbery, Terroristic Threats, and Criminal Use of Personal Identification Information.

11. Furthermore, the ATF employee identified that WILLIAMS, using the identity of Kyle Cobb, completed at least six separate purchases of firearms in the Northern District of Georgia between October 10, 2020 and June 6, 2021.

12. On June 7, 2021, ATF SA Michael Bustard met with an employee at MPS to discuss the May 21 firearms purchase described above.  The MPS employee told SA Bustard that on May 21, 2021, WILLIAMS, using the identity of Kyle Cobb, paid $4,081.14 in cash for six firearms, thirteen boxes of ammunition, three magazines (including 100-round drum magazine), and a firearms cleaning kit.

13. Before completing a purchase at MPS, WILLIAMS completed ATF Form 4473, the Firearms Transaction Record, as required. WILLIAMS completed section B of the document which requires the Transferee/Buyer to enter his or her personal identifying information, including full legal name, date of birth, Social Security number, address, height/weight, place of birth, ethnicity, and race. WILLIAMS listed the first and last name, date of birth, and Social Security number of Kyle Evan COBB on the ATF Form 4473.

14. In addition, WILLIAMS answered "yes" to question 21a on ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you." A truthful answer to question 21a is material to the lawfulness of the sale because the firearms dealer must determine the correct person and possessor of the firearm upon which to run the required background check.

15. In block 26a on the ATF Form 4473, another MPS employee listed the identification produced by the purchaser during the transaction.  The MPS employee listed the purchaser's identification as a Georgia ID bearing number 061864592 with an expiration of February 24, 2028.

16. On page two of ATF Form 4473, a certification is given. Part of the certification states, "I also understand that making any false oral or written statement, or exhibiting any false misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearm license is a violation of Federal law." WILLIAMS signed as Cobb and dated the form certifying that all of his answers were true and correct.

17. At least one firearm purchased on May 21, 2021 was manufactured outside the State of Georgia, and thus necessarily traveled in interstate commerce prior to May 21, 2021.

## **CONCLUSION**

18. Based on the foregoing, there is probable cause to believe that on May 21, 2021, Dawuan Na'jee WILLIAMS violated Title 18, United States Code, Section 922(g)(1) [possession of a firearm by a prohibited person], Title 18, United States Code, Section 922(a)(6) [makingfalse statements to a federally licensed firearms dealer], and Title 18, United States Code, Section1028A [aggravated identity theft] in the Northern District of Georgia.